IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 24-CR-131-JDR-01

GABRIEL URQUIZA-URQUIZA,
a/k/a "Gabriel Urquiza-Flores,"

Defendant.

## Plea Agreement

The United States of America, by and through Clinton J. Johnson, United States

Attorney for the Northern District of Oklahoma, and David A. Nasar, Assistant

United States Attorney, and the defendant, GABRIEL URQUIZA-URQUIZA, in

person and through counsel, Meredith Curnutte, respectfully inform the Court that

they have reached the following plea agreement.

1.   **Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

**COUNT ONE: 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) – Drug Conspiracy**

**COUNT NINE: 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8) – Alien Unlawfully in the
United States in Possession of Firearms**

**COUNT THIRTEEN: 8 U.S.C. § 1326 – Unlawful Reentry of a Removed Alien**



Defendant's Initials

as set forth in the Second Superseding Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

## 2.    **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

    a.  the right to be indicted if proceeding by Information;

    b.  the right to plead not guilty;

    c.  the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

    d.  the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

    e.  the right to assist in the selection of the jury;

    f.  the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

    g.  the right to confront and cross-examine witnesses against the defendant;

    h.  the right to testify on their own behalf and present witnesses in their defense;

    i.  the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

    j.  the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;


Defendant's Initials

k.  the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l.  any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

### 3.    Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.  The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.  The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c.  The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d.  The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

Revised 05-21-24



Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

**GABRIEL URQUIZA-URQUIZA**

### 4.    Departure and Variance Waiver

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees not to request, recommend, or file a sentencing memorandum or a variance or departure motion seeking a sentence below the applicable Guidelines range.

### 5.    Freedom of Information Act Waiver

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 6.    Rule 11 Rights Waiver

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent proceeding, including a criminal trial, the following shall be admissible against the defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:

Revised 05-21-24

GUU
Defendant's Initials

a. A guilty plea which is later withdrawn or that the defendant seeks to withdraw;

b. The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement; and

c. Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn.

7.    **Payment of Monetary Penalties**

a. *Enforcement*

1) The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

2) The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a <u>minimum</u> schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

3) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

4) The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

5) The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.

Revised 05-21-24


Defendant's Initials

b. *Disclosure of Financial Information*

1) The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

2) The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

3) The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the defendant enters a guilty plea. The defendant agrees to update any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

4) The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

5) The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

6) The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

7) The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.

## 8.    Forfeiture Agreement

The defendant agrees to the forfeiture to the United States, pursuant to 18 U.S.C. §§ 924(d)(1), 934(a)(1)(A) and(B), 28 U.S.C. § 2461(c), and 50 U.S.C. § 4819(d), the following property, involved in or used or intended to be used, the property

6


Defendant's Initials

constituting or derived from proceeds traceable to the offense, and any firearm and ammunition involved in or used in the knowing commission of the offenses, including but not limited to:

## FIREARMS AND AMMUNITION

1. A Inter Ordnance (IO) Inc, Model 10-15, multi-caliber semi-automatic pistol, serial number 24-11606;

2. A Anderson Manufacturing, Model AM-15, multi-caliber semi-automatic rifle, serial number 21121908;

3. A Beretta, Model 92F, 9mm semi-automatic pistol, serial number BER137788Z;

4. A Browning, Model SA-22, .22 caliber semi-automatic rifle, serial number 10940RN146;

5. A Fabrique Nationale (FN), Model 509, 9mm semi-automatic pistol, serial number GKS0166223;

6. A Norinco, Model 22 A.T.D., .22 caliber semi-automatic rifle, serial number 422721;

7. A Radical Firearms, Model RF-15, multi-caliber semi-automatic rifle, serial number 21-081376;

8. A Remington Arms, Model 550-1, .22 caliber semi-automatic rifle, no serial number;

9. A Remington Arms, Model 550-1, .22 caliber semi-automatic rifle, no serial number;

10. A Ruger, Model 10/22, .22 caliber semi-automatic rifle, serial number 0002-34894;

11. A Ruger, Model 10/22, .22 caliber semi-automatic rifle, serial number 0003-65582;

Revised 05-21-24


Defendant's Initials

12. A Ruger, Model 10/22, .22 caliber semi-automatic rifle, serial number 0020-73510;

13. A Ruger, Model 10/22, .22 caliber semi-automatic rifle, serial number 354-44453;

14. A Ruger, Model 10/22 Carbine, .22 caliber semi-automatic rifle, serial number 104682;

15. A Ruger, Model 10/22 Carbine, .22 caliber semi-automatic rifle, serial number 199352;

16. A Ruger, Model 10/22 Carbine, .22 caliber semi-automatic rifle, serial number 250-52250;

17. A Ruger, Model M77, 243 caliber bolt-action rifle, serial number 784-79037;

18. Approximately 824 rounds of assorted ammunition;

19. Approximately 85 rounds of .223 caliber ammunition;

20. Approximately 46 rounds of 9mm caliber ammunition;

**VEHICLES**

21. A 2016 Chevrolet Traverse, VIN 1GNKRJKD7GJ148078; and

22. A 2017 Dodge Ram Rebel, VIN 1C6RR7YT0HS812331.

Defendant agrees to take all steps as requested by the forfeiting authority to pass clear title to forfeitable assets, including, but not limited to, the execution of a consent decree of forfeiture and the completion of any other legal documents required for the transfer of title.

Defendant agrees that the forfeited property is subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States. As such, defendant hereby relinquishes all claim, title,

8

_GUU_
Defendant's Initials

and interest in the above-referenced property to the United States and agrees not to oppose any civil, administrative, or judicial forfeiture of the property.

Defendant waives any and all interest in the above property and consents to their forfeiture by whatever process the government chooses. Defendant agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If defendant has filed a claim to the above-mentioned assets in any forfeiture process, defendant hereby agrees to withdraw it. Defendant further agrees not to file a claim to the above identified assets or properties in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized property, defendant hereby abandons any interest in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted. The defendant further understands that, pursuant to Rule 32.2(b)(4)(A), the order of forfeiture will become final as to the defendant upon entry. The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives all constitutional and statutory challenges in any manner (including direct

Revised 05-21-24

Defendant's Initials

appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## 9.    Special Assessment

The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk at or before sentencing or as otherwise directed by the District Court.

## 10.    Factual Basis and Elements

To convict defendant under 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), the government must prove the following elements beyond a reasonable doubt:

| First: | The defendant agreed with at least one other person to violate federal drug laws; |
|---|---|
| Second: | The defendant knew the essential objective of the conspiracy; |
| Third: | The defendant knowingly and voluntarily participated; and |
| Fourth: | There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged. |
| Fifth: | The overall scope of the conspiracy involved at least 500 grams of methamphetamine. |

To convict defendant under 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8), the government must prove the following elements beyond a reasonable doubt:

| First: | The defendant knowingly possessed a firearm or ammunition; |
|---|---|


Defendant's Initials

Second:   The defendant is in the United States illegally;

Third:    Before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another or from a foreign country to the United States.

To convict defendant under 8 U.S.C. § 1326, the government must prove the following elements beyond a reasonable doubt:

First:    The defendant was an alien at the time alleged in the indictment;

Second:   The defendant had previously been removed from the United States;

Third:    The defendant was found in the United States having entered knowingly;

Fourth:   The defendant was found in the Northern District of Oklahoma; and

Fifth:    The defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, GABRIEL URQUIZA-URQUIZA, admits to knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts One, Nine, and Thirteen in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

I, Gabriel Urquiza-Urquiza, admit that from in or about February 2023 to on or about April 8, 2024, in the Northern District of Oklahoma and elsewhere, I conspired with others who possessed with intent to distribute and distributed methamphetamine. My role was to collect

11

Revised 05-21-24

_GUU_
Defendant's Initials

and deliver funds that I knew were drug proceeds from the drug distribution by others. The other members of this conspiracy possessed with the intent to distribute over 500 grams of methamphetamine. I benefited from my involvement in the conspiracy by being paid for collecting these drug proceeds.

In addition, on or about March 30, 2024, in the Northern District of Oklahoma, I knew I was an alien illegally in the United States, and I knowingly possessed the following firearms, which had previously traveled in interstate commerce:

1. An Inter Ordnance (IO) Inc, Model 10-15, multi-caliber semi-automatic pistol, serial number 1015-02197;

2. An Anderson Manufacturing, Model AM-15, multi-caliber semi-automatic rifle, serial number 21121908;

3. A Beretta, Model 92F, 9mm semi-automatic pistol, serial number BER137788Z;

4. A Browning, Model SA-22, .22 Caliber semi-automatic rifle, serial number 10940RN146;

5. A Fabrique Nationale (FN), Model 509, 9mm semi-automatic pistol, serial number GKS0166223;

6. A Norinco, Model 22 A.T.D., .22 caliber semi-automatic rifle, serial number 422721;

7. A Radical Firearms, Model RF-15, multi-caliber semi-automatic rifle, serial number 21-081376;

8. A Remington Arms, Model 550-1, .22 caliber semi-automatic rifle, no serial number;

9. A Remington Arms, Model 550-1, .22 caliber semi-automatic rifle, no serial number;

10. A Ruger, Model 10/22, .22 caliber semi-automatic rifle, serial number 0002-34894;

11. A Ruger, Model 10/22, .22 caliber semi-automatic rifle, serial number 0003-65582;

12


Defendant's Initials

12. A Ruger, Model 10/22, .22 caliber semi-automatic rifle, serial number 0020-73510;

13. A Ruger, Model 10/22, .22 caliber semi-automatic rifle, serial number 354-44453;

14. A Ruger, Model 10/22 Carbine, .22 caliber semi-automatic rifle, serial number 104682;

15. A Ruger, Model 10/22 Carbine, .22 caliber semi-automatic rifle, serial number 199352;

16. A Ruger, Model 10/22 Carbine, .22 caliber semi-automatic rifle, serial number 250-52250; and

17. A Ruger, Model M77, .243 caliber bolt-action rifle, serial number 784-79037.

Finally, I admit that I am an alien, as that term is defined by law in the United States of America. On or about April 8, 2024, in the Northern District of Oklahoma, I was found in the United States after having been deported and removed therefrom on or about March 24, 2020, at or near Hidalgo, Texas. I knowingly reentered the United States after the date of my removal, although I had not previously obtained the express consent of the proper legal authority to reapply for admission to the United States.

_____
GABRIEL URQUIZA-URQUIZA
Defendant

5/6/25
Date

## 11.  **Further Prosecution**

The United States shall not initiate additional criminal charges against the

defendant in the Northern District of Oklahoma that, as of the date of the

defendant's acceptance of this agreement, arise from its investigation of the

defendant's actions and conduct giving rise to the instant Second Superseding

Defendant's Initials

Indictment. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government before the date of this agreement or occurring after the date of this agreement.

## 12.    Dismissal of Remaining Counts

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, any charges that have been dismissed may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

## 13.    Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the government agrees to recommend a two-level reduction in offense level pursuant to

Revised 05-21-24


Defendant's Initials

U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the defendant's Guidelines offense level qualifies him for such a reduction. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

### 14.    Consent to Removal from the United States

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the

Revised 05-21-24


Defendant's Initials

defendant by the Department of Homeland Security (DHS). If the DHS files a

Notice to Appear or other administrative charging document against the defendant,

the defendant agrees to request an expedited removal hearing and to consent to

removal. The defendant acknowledges that by consenting to removal, the defendant

will be immediately removed from the United States upon the completion of any

period of incarceration. The defendant knowingly waives any and all rights to

appeal, reopen, reconsider, or otherwise challenge this removal.

**15.    Waiver of Rights Related to Removal from the United States**

The defendant agrees to waive the defendant's rights to any and all forms of relief

from removal, deportation, or exclusion under the Immigration and Nationality Act

(as amended) and related federal regulations. These rights include, but are not

limited to, the ability to apply for the following forms of relief: (a) voluntary

departure; (b) asylum; (c) cancellation of removal; (d) withholding or suspension of

deportation; and (e) adjustment of status.

**16.    Abandonment of Pending Applications for Relief from Removal**

The defendant understands that any application for relief from removal,

deportation, or exclusion the defendant filed prior to the completion of this plea

agreement shall be deemed abandoned. The defendant further understands and

agrees that the filing of any applications for relief from removal, deportation, or

exclusion, either written or oral, or the prosecution of any pending applications,

16


Defendant's Initials

before any federal court, the Board of Immigration Appeals, an immigration judge, or the DHS, shall breach this plea agreement.

### 17.    The Defendant's Cooperation in Removal Proceedings

The defendant agrees to assist the DHS in the execution of the defendant's removal. Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that the defendant's failure or refusal to assist the DHS in the execution of the defendant's removal shall breach this plea agreement and may subject the defendant to criminal penalties under 8 U.S.C. § 1253.

### 18.    Sentence

a. *Imprisonment*

The defendant acknowledges that under 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) the minimum mandatory statutory sentence is 10 years of imprisonment, the maximum statutory sentence is life and a fine of not more than $10,000,000.

The defendant acknowledges that under 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8) the maximum statutory sentence is 15 years of imprisonment and a fine of not more than $250,000.

17



Defendant's Initials

The defendant acknowledges that under 8 U.S.C. § 1326 the maximum statutory sentence is 20 years of imprisonment and a fine of not more than $250,000.

b. *Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court must include as part of the sentence a requirement that after imprisonment the defendant be placed on a term of supervised release of at least five years for the conviction of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), not more than three years for the conviction of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8), and not more than three years for the conviction of 8 U.S.C. § 1326. Violation of any condition of supervised release may result in revocation, or modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

c. *Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.

The defendant is further aware that the Court determines the sentence, that the Court has not yet done so, and that any estimate of the sentence – received from any source – is a prediction, not a promise. Regardless of any estimate the defendant has received, the Court has discretion to impose any sentence up to and including the statutory maximum.

18


Defendant's Initials

19.    **Stipulations**

The defendant and the United States agree and stipulate to the following facts:

a. The defendant was a not an organizer, leader, manager or supervisor under U.S.S.G. § 3B1.1.

b. In all likelihood, the defendant will be immediately deported or removed from the United States immediately upon completion of his sentence. If he returns to the United States and is again found, charged, and convicted for a violation of 8 U.S.C. § 1326, he will receive an additional 4 levels under the Sentencing Guidelines, see U.S.S.G. § 2L1.2(b)(1) and an additional criminal history point, see U.S.S.G. § 4A1.1(c).

The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

20.    **Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or

19


Defendant's Initials

local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

### 21.    Breach of Agreement

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. The Court shall determine whether a party has completely fulfilled all its obligations under this agreement in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. If the Court determines that the defendant has breached the plea agreement, the government may declare this agreement null and void, and the defendant will be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or relating to the charges in this case, as well as false statement, obstruction of justice, or any other crime committed by the defendant during this prosecution.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save

Revised 05-21-24


Defendant's Initials

and except if the Court determines that the government has breached the plea

agreement as set forth above. If GABRIEL URQUIZA-URQUIZA, after entry of a

plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government

may continue to enforce the agreement but will no longer be bound by any particular

provision in this agreement, unless the Court determines that the government acted

in bad faith to bring about the attempted plea withdrawal.

21



Defendant's Initials

## 22.   Conclusion

No agreements, representations or understandings have been made between the

parties in this case, other than those which are explicitly set forth in this plea

agreement and the Plea Agreement Supplement that the United States will file in this

case (as it does in every case, even if there are no additional terms) and none will be

entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

_____
DAVID A. NASAR
Assistant United States Attorney

5/6/25
_____
Dated

_____
MEREDITH CURNUTTE
Attorney for Defendant

5/6/25
_____
Dated

_____
GABRIEL URQUIZA-URQUIZA
Defendant

5/6/25
_____
Dated

22

Revised 05-21-24


Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     5/6/25
GABRIEL URQUIZA-URQUIZA              _____
Defendant                           Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Second Superseding Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____     5/6/25
MEREDITH CURNUTTE                   _____
Counsel for the Defendant           Dated

Revised 05-21-24

Defendant's Initials